J-A14011-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| SALLY QUIVERS, ADMINISTRATRIX OF THE ESTATE OF GARY LEE QUIVERS, SR. AND SALLY QUIVERS, AN INDIVIDUAL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | No. 745 WDA 2018 |
| GENE W. MANZETTI, M.D.; MICHAEL LEMENTOWSKI, M.D.; THAD OSOWSKI, M.D.; AND MONONGAHELA VALLEY HOSPITAL | : | |

Appeal from the Judgment Entered April 26, 2018
In the Court of Common Pleas of Washington County Civil Division at
No(s):  No. 2014-2187

| SALLY QUIVERS, ADMINISTRATRIX OF THE ESTATE OF GARY LEE QUIVERS, SR. AND SALLY QUIVERS, AN INDIVIDUAL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | No. 814 WDA 2018 |
| GENE W. MANZETTI, M.D., MICHAEL LEMENTOWSKI, M.D., THAD OSOWSKI, M.D., AND MONONGAHELA VALLEY HOSPITAL | : | |

Appeal from the Judgment Entered May 10, 2018
In the Court of Common Pleas of Washington County Civil Division at
No(s):  2014-2187

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

CONCURRING MEMORANDUM BY KUNSELMAN, J.:

FILED DECEMBER 27, 2019

I join in the lead Memorandum, except for the third appellate issue — i.e., the participation of Mon Valley Hospital's lawyer, Douglas R. Nolin, Esq., in the trial. See Majority Memorandum at 19-24. Appellant Sally Quivers claims we should order a retrial and ban Attorney Nolin from the proceedings. She waived this claim by not developing her appellate argument on the issue she preserved. Instead, Ms. Quivers gears her argument towards a question that she never raised at trial. Thus, we should not decide whether allowing Attorney Nolin to make a closing argument violated Deeds v. University of Pennsylvania Medical Center, 110 A.3d 1009 (Pa. Super. 2015), appeal dismissed, 128 A.3d 764 (Pa. 2015).

Ms. Quivers begins this issue by asserting that she had no direct claims of negligence pending against the hospital from the start of the jury trial. See Ms. Quivers' Brief at 48. She asserts that Mon Valley only remained in the case as a stipulated agent of Dr. Thad Osowski, the anesthesiologist. This is incorrect.

Ms. Quivers alleged torts of vicarious liability (through the agency of Dr. Osowski) and direct liability for corporate negligence against Mon Valley. The latter claim arose from the hospital's continuing extension of operating privileges to Dr. Gene W. Manzetti, a surgeon with whom another hospital had severed ties due to the suspension of his medical license. Before trial, the court granted a motion in limine precluding evidence of Dr. Manzetti's history

of disciplinary actions. On appeal, Ms. Quivers claims this ruling "effectively dismissed" the corporate negligence before the trial. Ms. Quivers' Brief at 48-9. In her view, this quasi dismissal brought the procedural posture of her case within the scope of Deeds, supra.[1]

First, a claim is never "effectively dismissed." Either it is still part of the case, or it is not. As Ms. Quivers soon acknowledges, her allegation of Mon Valley's corporate negligence remained pending until she rested her case-in-chief and the trial court granted a compulsory nonsuit. See Ms. Quivers Brief at 49; see also N.T., 6/16/17, at 620.[2] This occurred on the fourth day of trial. See id.

Six days later, when the parties were about to make closing arguments, Mrs. Quivers finally objected to Attorney Nolin's continued representation of the hospital. Plaintiff's counsel stated:

> In support of our previous motion about the testimony of Dr. Caldwell, I want to put on the record that there is a

---

[1] The majority described the facts of Deeds v. University of Pennsylvania Medical Center, 110 A.3d 1009 (Pa. Super. 2015), appeal dismissed, 128 A.3d 764 (Pa. 2015), so I need not repeat them here at great length. Briefly, the liability of one defendant arose solely from the alleged liability of another defendant. Thus, the plaintiffs' attorney moved to limit the two defendants to a single lawyer after the first day of trial. The trial court denied that motion, and this Court reversed, because the trial court abused its discretion.

[2] It appears that, by relying on Ms. Quivers' Brief, the majority has mistakenly said the trial court "granted a nonsuit as to [Ms. Quivers' direct-negligence] claims four days prior to trial." Majority Memorandum at 20. Entering a nonsuit prior to trial is impossible. A trial court may only impose a compulsory nonsuit "at the close of the plaintiff's case on liability" — i.e., during trial. Pennsylvania Rule of Civil Procedure 230.1(a)(1).

case [from the] Superior Court called Deeds v. The University of Pennsylvania Medical Center . . . one of the defendants, as in this case, was not going to be on the jury ballot, but the Court permitted the lawyer for the party that was not going to be on the jury ballot to present evidence and make a closing argument.

So in this case, as I understand it, Mon Valley Hospital is not going to be on this jury ballot . . . Mon Valley, by stipulation in here, is not going on there, because . . . everyone agrees that Dr. Osowski is an agent of the hospital.

[Under Deeds,] Mr. Nolin should not have been able to put [Dr. Caldwell's] testimony on and should not be allowed to make a closing argument here. Therefore, I'm making a motion on the record that Mr. Nolin be prohibited from <u>making a closing argument</u>, because his liability is only, if anything, through Dr. Osowski, and the hospital is not going to be on the jury ballot.

N.T., 6/22/17, at 1408-9 (emphasis added). Thus, Ms. Quivers confined her motion to Attorney Nolin's right to make a closing argument.

On appeal, however, she expands her argument well beyond that motion to engulf the whole trial. Notably, she says Deeds prohibited Attorney Nolin from offering Dr. Caldwell's expert testimony. See Ms. Quivers' Brief at 52. Although her counsel hinted at this below when first bringing this issue to the trial court's attention, Ms. Quivers made no specific motion regarding Dr. Caldwell under Deeds. In fact, he had completed testifying the day prior to the motion in question.

"A party may claim error in a ruling to admit . . . evidence only if . . . on the record, [that party] makes a timely objection, motion to strike, or motion in limine; and states the specific ground . . . ." Pennsylvania Rule

of Evidence 103(a)(1) (some punctuation omitted) (emphasis added). Here, while Ms. Quivers filed a motion in limine and moved to strike Dr. Caldwell's testimony at various times, she based none of her prior motions on Deeds. When she did raise Deeds on the last day of trial, Ms. Quivers did not move to strike his previous testimony for the record. Thus, I find that, under Pa.R.E. 103, she waived the issue of whether Attorney Nolin could properly call Dr. Caldwell as an expert witness, in light of Deeds.

Moreover, "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pennsylvania Rule of Appellate Procedure 302(a). This Rule "directs that an issue must be raised in the trial court in order to provide that court with the opportunity to consider the issue, rule upon it correctly, and obviate the need for appeal." Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc., 892 A.2d 830, 835 (Pa. Super. 2006).

Ms. Quivers gave the trial court no opportunity to determine whether Deeds barred Attorney Nolin form calling or cross-examining witnesses. She only interposed Deeds after everyone rested. I believe Ms. Quivers should have objected to Attorney Nolin's presence when the procedural posture of Deeds arguably aligned with this case — i.e., when the court granted the nonsuit on corporate negligence at the close of her case-in-chief. If Attorney Nolin's role became duplicative of Dr. Osowksi's attorney, that was it. By keeping silent for six days, Ms. Quivers waived her opportunity to bar Attorney Nolin's participation in the evidentiary portion of the trial.

The only issue she preserved with her objection on the tenth day of trial was whether he was "prohibited from making a closing argument . . . ." N.T., 6/22/17, at 1409. However, Ms. Quivers does not develop that question on appeal. Rather than explaining how the trial court abused its discretion by allowing Attorney Nolin to close and how his closing argument prejudiced her case, Ms. Quivers conflates the objection she made below into a blanket attack on the hospital's involvement in the trial at all. She fails to address the narrow motion she made (regarding the closing argument) or why we should reverse the trial court's refusal to grant it.

We have long-held that this Court:

> will address only those issues properly presented and developed in an appellant's brief as required by our Rules of Appellate Procedure, Pa.R.A.P. 2101. Where defects in a brief impede our ability to conduct meaningful appellate review, we may . . . find certain issues to be waived . . . [I]t is a well-settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal. As this Court has made clear, we will not act as counsel and will not develop arguments on behalf of an appellant.

Sephakis v. Pa. State Police Bureau of Records & Id., 214 A.3d 680, 686-7 (Pa. Super. 2019) (some citations and punctuation omitted).

As explained above, Ms. Quivers does not argue the issue she preserved. To have us review the trial court's decision regarding Attorney Nolin's closing, she needed to demonstrate how that decision was an abuse of discretion under Deeds, and how it prejudiced her case based on the substance of the closing argument at issue. She did neither.

Accordingly, I would hold that Ms. Quivers has waived her third issue on appeal and refrain from addressing its merits.